IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| United States of America, | Criminal No. 3:18-cr-003-CMC |
|---|---|
| vs. | |
| Adrian Porterfield, | **OPINION AND ORDER** |
| Defendant. | |

This matter is before the court on Defendant's motion for relief under 28 U.S.C. § 2255. ECF No. 39. Defendant argues he was improperly designated as a career offender because two of his predicate convictions are not proper predicates. *Id.* at 39-1. The Government filed a response in opposition and motion to dismiss or, in the alternative, for summary judgment. ECF Nos. 42, 43. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. ECF No. 44. Defendant filed a Reply brief. ECF No. 50. This matter is ripe for resolution.

## BACKGROUND

On January 2, 2018, Defendant was indicted on five counts of possession with intent to distribute heroin and fentanyl. ECF No. 2. Defendant entered into a written Plea Agreement to plead guilty to Count 1, possession with intent to distribute a quantity of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C). ECF No. 23. He entered a guilty plea the same day. ECF No. 25. The Presentence Report ("PSR") determined him to be a career offender, with the following predicate offenses: possession with intent to distribute marijuana in 2002 and possession with intent to distribute marijuana in 2003. ECF No. 37 at ¶¶ 31, 35. Defendant raised no objections to the PSR. ECF No. 37-2.

At sentencing on June 5, 2018, Defendant was sentenced to 151 months' imprisonment and a three-year term of supervised release. ECF No. 34. Defendant did not appeal his conviction or sentence.

**DISCUSSION**

In his motion, Defendant alleges he should not be classified as a career offender based on his two South Carolina possession with intent to distribute marijuana convictions. ECF No. 39-1. He argues the South Carolina drug statute, S.C. Code § 44-53-370(a)(1), is not divisible, but is overbroad and therefore void. *Id.* at 6. He contends even if the court finds the modified categorical approach applies, the court should not rely on sentencing sheets to determine the offense to which he pled guilty, based on the rule of lenity. *Id.* at 7. He requests to be resentenced without the career offender classification. *Id.* at 10.

The Government argues Defendant's motion raises a Guideline sentencing issue not cognizable on collateral review, or, if the court considers the merits, that Defendant was properly designated as a career offender. ECF No. 42. Citing *United States v. Furlow*, the Government contends Defendant's two prior South Carolina drug convictions continue to serve as predicate offenses for career offender purposes under the modified categorical approach prescribed by the Fourth Circuit. *Furlow*, 928 F.3d 311, 320 (4th Cir. 2019). The Government notes the court may examine relevant *Shepard* documents under the modified categorical approach, which show both

2

convictions were for "possession with intent to distribute" and therefore qualify as predicate offenses. *Id.* at 6.

On reply, Defendant for the first time couches his claims as ones for ineffective assistance of counsel for failing to challenge the career offender classification. ECF No. 50 at 3. He argues if counsel "raised the proper objections," he would not be "misclassified" as a career offender. *Id.* Defendant continues to argue the South Carolina drug statute should be subject to the categorial approach and found to be overbroad. *Id.* at 4.

Fourth Circuit precedent forecloses Defendant's argument regarding his career offender status. In *United States v. Furlow*, the court held the South Carolina drug statute §44-53-375(B) divisible and therefore subject to the modified categorical approach. 928 F.3d at 320. Further, the court determined the related statute, §44-53-370(a)(1), should be analyzed in the same manner and is therefore divisible. *Id.* ("For our purposes, the sole distinction between section 44-53-370(a)(1) and section 44-53-375(B) is that the former applies to all controlled substances and controlled substance analogues, while the latter concerns specifically methamphetamine and crack cocaine."). As Defendant was convicted under § 44-53-370(a)(1), the court finds the statute divisible and the modified categorical approach applies.

3

Therefore, the court is able to look at *Shepard*[1] documents to determine the portion of the statute to which Defendant pled or was found guilty. In this case, the *Shepard* documents, namely the indictments and sentence sheets, show Defendant was indicted via true bills for possession with intent to distribute marijuana in 2002 and 2003. The actual indictments list all alternative elements, including purchase. ECF Nos. 33, 33-1. However, the sentencing sheets for both convictions state only "PWID marijuana," with no reference to any other method of violating the statute. ECF No. 33 at 1; ECF No. 33-1 at 1.[2] Comparing the elements of possession with intent to distribute marijuana with the definition of a "controlled substance offense" in U.S.S.G. § 4B1.2(b) ("an offense . . . that prohibits . . . the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense"), the court concludes the elements are aligned and the convictions for South Carolina possession with intent to distribute marijuana are

---

[1] The phrase "*Shepard* documents" refers to the Supreme Court's 2005 decision in *Shepard v. United States*, 544 U.S. 13, 16 (2005), which specified certain documents a court may examine when applying the modified categorical approach.

[2] Defendant argues the sentencing sheets reflect he pled guilty "as indicted," and the indictments list alternative ways of violating the statute, including purchase. However, both sentencing sheets clearly state "[i]n disposition of said indictment now comes defendant who pleads to PWID marijuana." *Id.* The court finds these documents conclusive.

4

proper predicate convictions for career offender purposes. Therefore, Defendant has two predicate convictions and is correctly designated a career offender.[3]

Accordingly, the Government is entitled to summary judgment and Defendant's motion under § 2255 is dismissed with prejudice.[4]

## CONCLUSION

For the reasons above, summary judgment for the Government is appropriate on all grounds. Defendant's motion is dismissed with prejudice.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

---

[3] Defendant did not raise these claims in the context of ineffective assistance of counsel until his Reply brief. ECF No. 50. However, as his claims fail on the merits, Defendant suffered no prejudice by his counsel's failure to raise objections to the convictions serving as career offender predicates.

[4] As the court has determined Defendant is not entitled to relief, it does not consider the Government's alternative argument regarding challenges to Guideline sentencing issues.

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

    **IT IS SO ORDERED**.

<u>s/Cameron McGowan Currie</u>
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
September 19, 2019